IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOYCE LEE BULLOCK**                                                                                       **PLAINTIFF**

v.                                                                                       Civil No. 1:22-cv-129-HSO-BWR

**JOYCE BULLOCK IMPERSONATOR, and**
**81ST LOGISTICS AND READINESS SQ**                                  **DEFENDANTS**

### MEMORANDUM ORDER AND OPINION DISMISSING PLAINTIFF JOYCE LEE BULLOCK'S CLAIMS WITHOUT PREJUDICE, AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND TO SERVE THE SECRETARY OF THE DEPARTMENT OF THE AIR FORCE

This matter is before the Court sua sponte due to concerns regarding the Court's jurisdiction over Plaintiff Joyce Lee Bullock's claims and her failure to serve a named defendant. After considering the record and relevant legal authority, the Court finds that Plaintiff Joyce Lee Bullock's claims against Defendants Joyce Bullock Impersonator and the 81st Logistics and Readiness SQ should be dismissed without prejudice, and the Court will direct Plaintiff to file an amended complaint for her claims arising from her appeal of the United States Merit Systems Protection Board's decision.

The amended complaint must name the Secretary of the Department of the Air Force as a defendant and Plaintiff must properly serve the Secretary. Plaintiff is cautioned that her case will be dismissed without further notice to her if she does not comply with this Order by filing an amended complaint within thirty (30) days

1

of the entry date of this Order, and by properly serving the Secretary within forty-five (45) days of the date of filing her amended complaint.

I. BACKGROUND

A.  Factual allegations

Plaintiff Joyce Lee Bullock ("Plaintiff"), who is proceeding pro se, alleges that Defendants Joyce Bullock Impersonator and the 81st Logistics and Readiness SQ (collectively "Defendants") breached her privacy and personal information, caused an undescribed personal injury to worsen, and impersonated her identity to use her retirement benefits. Compl. [1] at 4-5. She contends that this impersonator has either filed administrative and other legal claims in her name, or has otherwise usurped her role in these previous cases. *See* Resp. [10] at 4-5, 7.

Plaintiff also purports to challenge a decision of the United States Merit Systems Protection Board ("MSPB"), which affirmed the Department of the Air Force's decision to terminate her employment as a Transportation Assistant at Keesler Air Force Base ("Keesler") in Harrison County, Mississippi. *Id.*; Ex. [10-1] at 126-59. She asserts that the employment action occurred due to discrimination based on her disability, race, and protected activity. Compl. [1] at 4-5; Ex. [10-1] at 126-59. Regarding her protected activity, Plaintiff contends that she acted as a whistleblower by making an official report to management at Keesler that her co-workers were "professional thieves" who "lie, cheat, steal, and kill people for money," and were trying to take her identity. Compl. [1] at 5; Resp. [10] at 5-6.

2

B.   Procedural history

On May 24, 2022, Plaintiff filed a Complaint [1] in this Court. 105 days after Plaintiff filed her Complaint [1], on September 6, 2022, the Magistrate Judge issued an Order [6] directing her to serve Defendants and file proof of service by October 7, 2022. Order [6] at 2. The Court warned Plaintiff that if she did not file proof of proper service, "the claims against these Defendants may be dismissed without prejudice and without further notice to Plaintiff unless Plaintiff is able to show good cause for such failure." *Id.* Plaintiff filed a proof of service for Defendant 81st Logistics and Readiness SQ, showing that Investigator Gavon Metcalf was served on September 27, 2022.[1] Proof of Service [8]. Plaintiff has not filed any proof of service for Defendant Joyce Bullock Impersonator.

After Plaintiff served the 81st Logistics and Readiness SQ, the Magistrate Judge issued an Order [9] directing Plaintiff to file a response demonstrating that this Court has subject-matter jurisdiction over her claims because she is seeking judicial review of a decision by the MSPB. Order [9] at 4-5. The Order [9] noted that the "U.S. Court of Appeals for the Federal Circuit has near-exclusive jurisdiction to review MSPB orders and decisions," subject to only two exceptions, *id.* at 4 (quoting *Zummer v. Sallet*, 37 F.4th 996, 1004 (5th Cir. 2022) (noting the two exceptions are cases challenging employment actions motivated by discrimination or by retaliation for whistleblowing)), and that Plaintiff needed to provide a copy of the MSPB

---

[1] Defendant 81st Logistics and Readiness SQ appears to be a reference to the 81st Logistics Readiness Squadron, a support squadron at Keesler Air Force Base. *See* Proof of Service [8]; Ex. [10-1] at 9, 41.

3

decision and demonstrate that her claims fell into one of the two recognized exceptions in order for this Court to have jurisdiction, *id.* at 4-5.

Plaintiff filed her Response [10] on October 28, 2022, and her attachments included the initial decision of the MSPB.² *See* Resp. [10]; Ex. [10-1] at 126-149. Based on her filings, the Court determined that it could exercise jurisdiction over Plaintiff's MSPB appeal because she alleged that her termination was based on unlawful discrimination due to her race and disability. Order [11] at 2; *Zummer*, 37 F.4th at 1004; 5 U.S.C. § 7703(b)(2); Ex. [10-1] at 126-159. However, the filings also revealed that the Department of the Air Force, not the 81st Logistics and Readiness SQ, was the defendant in the MSPB order because it was the entity that took the personnel action at issue. *See* Ex. [10-1] at 126-159. Accordingly, the Court entered an Order [11] on November 4, 2022, instructing Plaintiff that the Department of the Air Force was the proper defendant in this case and that service of process upon the 81st Logistics and Readiness SQ was not proper service for the Department of the Air Force. Order [11] at 2-3; *see* Fed. R. Civ. P. 4(i)(1). The Order [11] directed Plaintiff to properly serve the Department of the Air Force and to file proof of proper service by December 9, 2022. Order [11] at 2-3.

On November 28, 2022, Plaintiff filed a Response [12] to the Court's Order [11], which did not address the issue of proper service of the Department of the Air Force and instead merely reiterated the substance of her claims. *See generally* Resp. [12]. At the end of her Response [12], Plaintiff stated that "You can dismiss case,"

---

² The attachments reveal that Plaintiff filed an appeal from this initial decision, Ex. [10-1] at 34, but the MSPB's decision on that appeal was not included.

4

Resp. [12] at 4, but she also appeared to request an additional opportunity to explain her claims to the Court, *see id.* at 3-4 (claiming that the Court is "about to assign [her] information to the impersonator" without "ever giv[ing her] a chance to come in for a hearing"). To date, Plaintiff has not filed proof of proper service for the Department of the Air Force.

## II. DISCUSSION

A.  Plaintiff's claims against Defendant Joyce Bullock Impersonator

Federal Rule of Civil Procedure 4 governs service of a party. It establishes a time limit for service as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff's Complaint [1] was filed on May 24, 2022, over 200 days ago. She was first warned that she must serve Defendants on September 6, 2022, and she was given an opportunity to serve the named Defendants. Order [6]. Plaintiff filed a Proof of Service [8] for Defendant 81st Logistics and Readiness SQ but she has never filed one for Defendant Joyce Bullock Impersonator. Far more than 90 days have passed since Plaintiff filed the Complaint [1], and the additional time afforded her by the Court's Order [6] has also expired. Plaintiff has neither served Defendant Joyce Bullock Impersonator nor demonstrated good cause for her failure to do so. Pursuant to Rule 4(m), Plaintiff's claims against Defendant Joyce Bullock

5

Impersonator must be dismissed without prejudice. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369-70 (5th Cir. 2017) (affirming a district court's dismissal of a pro se plaintiff's claims based on Rule 4(m)).

B.  Plaintiff's claims against 81st Logistics and Readiness SQ

The record reflects that Plaintiff has filed Proof of Service [8] for Defendant 81st Logistics and Readiness SQ. However, the claims against this Defendant must also be dismissed. Under a very liberal reading of Plaintiff's filings, it appears that she may be raising two sets of claims against the 81st Logistics and Readiness SQ: (1) claims arising from her MSPB appeal that challenges her removal from her position as a Transportation Assistant at Keesler Air Force Base; and (2) claims related to identity theft and personal injury. *See generally* Compl. [1]; Resp. [10]; Ex. [10-1]. The claims against this Defendant arising from the MSPB appeal should be dismissed because the 81st Logistics and Readiness SQ is not a proper defendant for those claims. Similarly, the identity theft and personal injury claims are jurisdictionally barred because Plaintiff has not demonstrated a statutory basis to show that the 81st Logistics and Readiness SQ, a federal entity, has waived its sovereign immunity.

1.  Plaintiff's MSPB appeal

Plaintiff seeks judicial review of a MSPB decision which is governed by 5 U.S.C. § 7703. Section 7703(b)(2) specifies that challenges to personnel actions which allege discrimination based on race or disability shall be filed in accordance with the procedures set forth in 42 U.S.C. § 2000e-16(c). *See* 5 U.S.C. §§ 7702,

6

7703(b)(2); 29 U.S.C. § 794a; 42 U.S.C. § 2000e-16(c). Plaintiff is challenging her termination and the decision of the MSPB upholding that termination, Compl. [1] at 4; Resp. [10] at 8; Ex. [10-1] at 126-40, and claims that this personnel action was discriminatory based on her race and disability, Compl. [1] at 5; Ex. [10-1] at 7-12. Plaintiff was removed from her position as a Transportation Assistant at Keesler Air Force Base by the Department of the Air Force on September 2, 2018. Ex. [10-1] at 126.

42 U.S.C. § 2000e-16(c) provides that the defendant for any civil action alleging such discrimination is "the head of the department, agency, or unit, as appropriate." For purposes of § 2000e-16(c), "unit" refers to "a unit of the District of Columbia or the federal legislative and judicial branches having positions in the competitive service," *Honeycutt v. Long*, 861 F.2d 1346, 1349 n. 4 (5th Cir. 1988); 42 U.S.C. § 2000e-16(a), therefore the 81st Logistics and Readiness SQ, as a division within the Department of the Air Force, is not a "unit" for purposes of § 2000e-16(c). The military departments include the Department of the Air Force, 5 U.S.C. § 102; 42 U.S.C. § 2000e-16(a), which made the personnel decision at issue in this case, Ex. [10-1] at 126. The head of that Department is the only proper defendant for a challenge to the allegedly discriminatory termination; the 81st Logistics and Readiness SQ is not a proper defendant and cannot be sued for these claims. *See* 42 U.S.C. § 2000e-16(c); Ex. [10-1] at 126.

The head of the Department of the Air Force, Secretary Frank Kendall III, was not named as a defendant in the Complaint [1], and in the absence of a proper

7

party defendant, the Court has "no alternative but to dismiss" Plaintiff's claims. *See Kaswatuka v. U.S. Dep't of Homeland Security*, 7 F.4th 327, 331 (5th Cir. 2021) (affirming dismissal of a pro se plaintiff's Title VII discrimination claims because she failed to name the head of the department as a defendant). Accordingly, Plaintiff's MSPB appeal claims against Defendant 81st Logistics and Readiness SQ should be dismissed.

2.      <u>Plaintiff's identity theft and personal injury claims</u>

Plaintiff's Complaint [1] also alleges a "breach of personal information," "impersonating [her] identity and using [her] benefits," and that a personal injury worsened. Compl. [1] at 4. It is unclear from the Complaint [1] whether Plaintiff is asserting these claims against Defendant 81st Logistics and Readiness SQ or whether Defendant Joyce Bullock Impersonator is the sole defendant for them. As the Court has already discussed, any claims brought against Defendant Joyce Bullock Impersonator should be dismissed because Plaintiff has not served Joyce Bullock Impersonator. Assuming that these claims are also brought against Defendant 81st Logistics and Readiness SQ, it is not a proper defendant for these claims either, and the Court lacks jurisdiction to consider them.

"The United States may not be sued except to the extent it has consented to such by statute." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994). This sovereign immunity extends to federal agencies and constitutes a jurisdictional bar unless it has been waived. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Liberally construing the Complaint [1], Plaintiff may be raising three possible statutory

grounds for her personal injury and identity theft claims: the Federal Tort Claims Act ("FTCA"), the False Claims Act ("FCA"), and the Employee Retirement Income Security Act ("ERISA"). *See* Compl. [1] at 3 (specifying the basis for federal jurisdiction as "791" and "375"); Civil Cover Sheet [1-1] at 1 (nature of suit codes corresponding "375" to the FCA and "791" to ERISA). None of these statutes waive sovereign immunity for the 81st Logistics and Readiness SQ, a support squadron within the Department of the Air Force.

"[A] suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). To the extent that Plaintiff's claims of personal injury, identity theft, and failure to protect her personal information are based on a negligent or wrongful act by the 81st Logistics and Readiness SQ, these claims must be brought under the FTCA. *Id.*; *see generally* Compl. [1]; *Walker v. Criminal Investigation Unit/Dallas Field Office IRS*, No. 3:22-cv-877-D, 2022 WL 2053169, at *2 (N.D. Tex. June 7, 2022) (construing a plaintiff's claims regarding identity theft against the IRS as arising under the FTCA even though the complaint did not reference the FTCA). The only proper defendant for an FTCA claim is the United States itself. *Galvin*, 860 F.2d at 183. "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* To the extent the Complaint [1] asserts tort claims against the 81st Logistics and Readiness SQ,

9

the Court finds that these claims must be dismissed without prejudice for lack of jurisdiction.

To the extent Plaintiff is attempting to raise FCA claims against the 81st Logistics and Readiness SQ, these claims must be dismissed for lack of jurisdiction. The FCA provides a basis for a private party to sue on behalf of the United States to recover damages for fraud committed against the United States. 31 U.S.C. §§ 3729, 3730(b). It does not waive sovereign immunity for the United States or federal entities; consequently, an individual cannot bring an FCA claim against a federal entity. *See Shaw v. United States*, 213 F.3d 545, 548 (10th Cir. 2000); *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 468 (D.C. Cir. 1999). Even if such a suit were possible, Plaintiff has failed to comply with numerous provisions of the FCA. *See* 31 U.S.C. § 3730(b) (noting that an FCA case must be "brought in the name of the Government" and that "a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government").

As for any claims asserted under ERISA, it appears that these are based on Plaintiff's disability retirement benefits under the Federal Employees Retirement System ("FERS") which she received after she was terminated from her employment, and which she now claims were stolen by an impersonator. *See* Ex. [10-1] at 16. Retirement benefits under FERS qualify as a "government plan" and are not covered by ERISA, 29 U.S.C. §§ 1002(32), 1003(b)(1), and Plaintiff has not alleged or otherwise indicated that a private benefits plan is at issue, *see generally*

10

Compl. [1]; Resp. [10]; Ex. [10-1]; Resp. [12]. Moreover, ERISA "does not provide a waiver of sovereign immunity which would permit [this] suit to be brought against the United States" or the 81st Logistics and Readiness SQ, as an entity thereof. *Shanbaum*, 32 F.3d at 182 & n.2 ("The only waiver of sovereign immunity in 29 U.S.C. § 1132 is found in § 1132(k), allowing specific actions against the Secretary of Labor of which this action clearly is not one."); 29 U.S.C. § 1132(k). To the extent Plaintiff is seeking to bring identity theft claims under ERISA against the 81st Logistics and Readiness SQ, the Court finds that they should be dismissed for lack of jurisdiction.

C. <u>Whether Plaintiff should be permitted to file an amended complaint to pursue her MSPB appeal claims</u>

A pro se litigant such as Plaintiff generally "should be offered an opportunity to amend [her] complaint before it is dismissed" unless she has already pled her best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *see also Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987) (remanding a case to permit a pro se plaintiff to amend his complaint to name the proper federal defendant). Here, permitting Plaintiff to file an amended complaint to reassert her MSPB appeal against the Secretary of the Department of the Air Force presents a possible statute of limitations problem. Under 5 U.S.C. § 7703(b)(2), any review of a final decision of the MSPB which alleges discrimination in a personnel action at issue "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2). Assuming that this case was

timely brought when Plaintiff filed her Complaint [1] on May 24, 2022,[3] any new filing would clearly fall outside this 30-day limitations period. For any amended complaint to potentially present viable claims, then, Plaintiff would have to satisfy the requirements under Federal Rule of Civil Procedure 15(c) governing the relation back of amendments.

Federal Rule of Civil Procedure 15(c) provides that an amended pleading that changes the defendant relates back to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and the added defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within the period provided by Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 15(c)(1)(B), (C). When a United States officer is added as a defendant, "the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2).

---

[3] The Court notes that Plaintiff's filings do not allege or otherwise establish the date of final decision by the MSPB. The MSPB issued its initial decision on May 14, 2021, Ex. [10-1] at 126, and Plaintiff filed a petition for review of that decision on June 12, 2021, *id.* at 34. It is unclear when the MSPB issued its decision on her petition for review, but Plaintiff did not file the present suit until May 24, 2022. Plaintiff states that her MSPB case has closed but she has never received notice of any decision and believes that it may have been stolen along with other mail. Resp. [12] at 2.

The time period provided by Rule 4(m) directs a plaintiff to serve a defendant within 90 days after the complaint is filed, unless the plaintiff shows good cause to extend that time. Fed. R. Civ. P. 4(m). In order for an amendment changing a defendant to relate back, the added party must receive notice within the 90 days and any additional time the Court may grant to serve process. *McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998).

The Complaint [1] here was filed over 200 days ago. The Court has previously extended Plaintiff's period of time to serve process, including directing Plaintiff to serve the United States attorney, the Attorney General, and the Department of the Air Force by December 9, 2022. Order [11] at 3. While the Order [11] informed Plaintiff that the proper defendant was the Department of the Air Force instead of the Secretary of the Department of the Air Force, had Plaintiff complied with this Order [11], she would have provided notice that might have satisfied Rule 15(c)(2). Plaintiff's Response [12] to the Order [11] did not provide an explanation for her failure to serve the United States attorney, the Attorney General, and the Department of the Air Force.

Nevertheless, because Plaintiff is pro se and the Court's previous Order [11] informed Plaintiff that the Department of the Air Force was the proper defendant in this case as opposed to the Secretary of the Department of the Air Force, out of an abundance of caution the Court finds good cause to grant Plaintiff an additional opportunity to properly amend her complaint and serve the Secretary of the Department of the Air Force. Plaintiff is hereby directed to file an amended

complaint that names the Secretary of the Department of the Air Force as the defendant within thirty days of the date of entry of this Order. After Plaintiff files an amended complaint, she must serve the Secretary in accordance with Federal Rule of Civil Procedure 4(i)(2) by:

1. Delivering a copy of the summons and amended complaint to:

    U.S. Attorneys, Civil Process Clerk
    Southern District of Mississippi
    501 E. Court Street
    Suite 4.430
    Jackson, Mississippi 39201

2. Sending a copy of the summons and amended complaint by registered or certified mail to:

    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001

    and

3. Sending a copy of the summons and amended complaint by registered or certified mail to:

    Secretary of the Air Force
    1670 Air Force Pentagon
    Washington, DC 20330–1670

Plaintiff must serve the Secretary of the Air Force as directed above and then file proof of proper service with the Clerk of Court within forty-five (45) days of the date of filing her amended complaint. Plaintiff is hereby cautioned that a failure to file an amended compliant or to file proof of proper service of process upon the Secretary of the Air Force within these deadlines will result in dismissal of her case

without prejudice and without further notice to her unless she is able to show good cause for such failure. *See* Fed. R. Civ. P. 4(m), 15(c).

Although the Court is granting Plaintiff additional time to amend her complaint and to serve the proper defendant, it makes no finding as to the merits of any argument that relation back under Rule 15(c) is improper or as to the timeliness of Plaintiff's original Complaint [1]. It notes only that Rule 15(c) could possibly permit an amended complaint to relate back to the date of filing of the Complaint [1].

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, all of Plaintiff Joyce Lee Bullock's claims against Joyce Bullock Impersonator are **DISMISSED WITHOUT PREJUDICE** for failure to serve process.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all of Plaintiff Joyce Lee Bullock's claims against 81st Logistics and Readiness SQ are **DISMISSED WITHOUT PREJUDICE** because it is not the proper party defendant for her MSPB appeal and the Court lacks jurisdiction over her personal injury and identity theft claims asserted under the FTCA, FCA, and ERISA.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, if Plaintiff Joyce Lee Bullock wishes to reassert her claims arising from her MSPB appeal, she is directed to file an amended complaint that names the Secretary of the Department of the Air Force as defendant and reasserts her claims arising from her MSPB appeal **within thirty (30) days** of the entry of this Order. Plaintiff Joyce Lee

Bullock cannot reassert her personal injury and identity theft claims asserted under the FTCA, FCA, and ERISA in an amended complaint in this case because the Court lacks jurisdiction over those claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Joyce Lee Bullock must serve the Secretary of the Department of the Air Force in accordance with Federal Rule of Civil Procedure 4(i)(2) and must file proof of service of process with the Clerk of Court **within forty-five (45) days** of the date of filing her amended complaint. **Otherwise, this civil action will be dismissed without prejudice and without further notice to Plaintiff.**

**SO ORDERED AND ADJUDGED**, this the 9th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE