IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOYCE LEE BULLOCK**                                                                    **PLAINTIFF**

**v.**                                                               **Civil No. 1:22cv129-HSO-BWR**

**JOYCE BULLOCK IMPERSONATOR, and**
**81ST LOGISTICS AND READINESS SQ**                                    **DEFENDANTS**

## ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE

This matter is before the Court sua sponte due to Plaintiff Joyce Lee Bullock's failure to comply with the Court's Orders [11][13] and to prosecute. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

On May 24, 2022, Plaintiff Joyce Lee Bullock ("Plaintiff"), who is proceeding pro se, filed a Complaint [1] raising various claims against Defendants Joyce Bullock Impersonator and the 81st Logistics and Readiness SQ. Her claims included various tort claims related to stolen identity, purported violations of the False Claims Act ("FCA") and the Employee Retirement Income Security Act ("ERISA"), and a challenge to an allegedly-discriminatory employment decision by the Department of the Air Force, which was affirmed by the Merit Systems Protection Board ("MSPB"). *See generally* Compl. [1]; Civil Cover Sheet [1-1]; Resp. [10]; Ex. [10-1]; Resp. [12].

1

On January 9, 2023, the Court entered an Order [13] dismissing Plaintiff's claims against Defendant Joyce Bullock Impersonator for failure to serve process, and dismissing her claims against Defendant 81st Logistics and Readiness SQ because (1) it was not the proper party defendant for her MSPB appeal, and (2) the Court lacked jurisdiction over her other claims. *See* Order [13] at 1, 4-6, 15. As a result of the Court's Order [13], the only two named Defendants in this case were dismissed and Plaintiff had no active claims remaining. *See id.*; Compl. [1].

However, rather than entering a final judgment, the Court offered Plaintiff, in light of her pro se status, an opportunity to file an amended complaint to reassert her MSPB appeal claims against the proper party defendant, the Secretary of the Department of the Air Force. Order [13] at 11-15. The Court directed Plaintiff to file any amended complaint "**within thirty (30) days** of the entry of this Order," and warned that if she failed to do so, "**this civil action will be dismissed without prejudice and without further notice to Plaintiff**." *Id.* at 15-16 (emphasis in original). Accordingly, Plaintiff was required to file an amended complaint on or before February 8, 2023, thirty days after the Order was entered. *See id.* This Order [13] was mailed to Plaintiff at her address of record and was not returned as undeliverable.

Prior to the Court's January 9, 2023, Order [13], it had previously warned Plaintiff that her MSPB appeal claims could not be properly asserted against the 81st Logistics and Readiness SQ, and it had directed her to properly serve the Department of the Air Force pursuant to Federal Rule of Civil Procedure 4(i)(1). *See*

2

Order [11] at 2. Plaintiff did not comply with this Order [11], and has not filed any proof of service of the United States attorney, the Attorney General, or the Department of the Air Force. While the Court's January 9, 2023, Order [13] noted Plaintiff's failure to comply with its Order [11], in light of her pro se status the Court declined to dismiss the civil action without providing her with an additional opportunity to serve process in compliance with Rule 4(i). *See* Order [13] at 13-14.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order.").

Plaintiff's failure to file an amended complaint or to properly name or serve the proper Defendant, as ordered by the Court, *see* Order [13] at 14-15, clearly demonstrate a failure to prosecute. After the Court dismissed Plaintiff's claims against the named Defendants Joyce Bullock Impersonator and the 81st Logistics

3

and Readiness SQ, no action could be taken in this case without an amended complaint. Plaintiff has not filed anything in this case or otherwise communicated with the Court since November 28, 2022. *See* Resp. [12]. The Court clearly warned Plaintiff that "her case will be dismissed without further notice to her if she does not comply with this Order by filing an amended complaint within thirty (30) days of the entry date of this Order." Order [13] at 1-2, 14-16. Nevertheless, Plaintiff did not file an amended complaint. Under the present circumstances of this case, without sua sponte action by the Court, it appears this civil action will lie perpetually dormant without any viable defendants or claims.

Moreover, prior to her noncompliance with Order [13], Plaintiff had previously failed to comply with another Court Order [11] directing her to serve a federal entity in accordance with Rule 4(i). Prior to that Order [11], Plaintiff had been cautioned that the Court may dismiss her claims without prejudice and without further notice to her if she did not properly serve a defendant. *See* Order [6] at 2. Nevertheless, Plaintiff did not comply with the Order [11] and has now again failed to comply with another Order [13]. As previous warnings have proven ineffective, the Court finds that Plaintiff's noncompliance and failure to prosecute require dismissal of this lawsuit.

4

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE